IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KENNETH E. HARE**, | ) <br> ) Case No. 19 cv 692 <br> ) <br> ) Judge <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | ) <u>Jury Trial</u> <u>Demand</u> <br> ) |
| **ProPublica ILLINOIS and ProPublica (collectively, "ProPublica")**, | ) <br> ) <br> ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

COMES NOW, the Plaintiff, KENNETH E. HARE, by and through his undersigned counsel and hereby files this Complaint for damages against the above-named Defendants, PROPUBLICA ILLINOIS and PROPUBLICA (collectively, "ProPublica") and as grounds therefore allege:

I. NATURE OF THE CLAIM

1. Plaintiff, KENNETH E. HARE, seeks damages based upon Defendants' deprivation of rights accorded to the Plaintiff under the laws of the United States and the State of Illinois resulting from acts and/or omissions of the named Defendants that constitute the following causes of actions: (a) racial discrimination

1

(black); (b) color discrimination (dark-skinned); (c) age discrimination (over 40) and (d) negligent infliction of emotional pain and suffering in violation of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S. C. § 1981 ("Section 1981") in violation of the Fourteenth Amendment Equal Protection Clause of the U.S. Constitution; discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C §621-634 ("ADEA").

2. Plaintiff filed Charge #440-2018-01377 with the Chicago office of the EEOC on February 6, 2018 (See **Exhibit A**, attached hereto) and received his Right to Sue on November 5, 2018. (See **Exhibit B**, attached hereto.) The filing deadline is February 3, 2019. This action is timely filed.

## II.  JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. §1331 and. §1343.
4. Venue is proper in that the employment practices alleged to be unlawful were committed within the Northern District of Illinois.
5. This is an action for damages in excess of $15,000 exclusive of interest and costs.

### III.   PARTIES

6. Plaintiff, KENNETH E. HARE, is an African-American male over the age of eighteen (18), a citizen of the State of Illinois, residing in Chicago at the time of the filing of this Complaint and during the time the acts complained of herein occurred.

7. Defendant, PROPUBLICA ILLINOIS, is an independent, nonprofit newsroom that describes its organization on its website as "producing investigative journalism with moral force". It is the first regional publishing operation of PROPUBLICA and is headquartered in Chicago, Illinois.

8. Defendant, PROPUBLICA, is a nonprofit news organization founded in 2007-2008 in New York City, New York and the parent corporation of ProPublica Illinois.

### IV. FACTUAL ALLEGATIONS OF DISCRIMINATION
### BY PLAINTIFF KENNETH E. HARE

9. On April 24, 2017 Plaintiff HARE, a 52-year-old, dark-complexioned, African-American man and former reporter for two local Chicago area newspapers, met Mr. Michael Grabell, a Defendant reporter, at the Lookingglass Theater in Chicago.

10. Plaintiff knew he had just missed a March 24, 2017 application deadline for a Defendant reporter position and inquired of Mr. Grabell if there was still a hiring possibility. (See Exhibit D.)

11. Mr. Grabell encouraged Plaintiff to apply and accepted information from Plaintiff to forward to Louise Kiernan, Defendant's Illinois Editor-in-Chief.

3

12. On April 25, 2017 Plaintiff also forwarded a work sample and Letter of Introduction to Ms. Kiernan himself expecting it complied with the published reporter position requirements. (See Exhibit C.)

13. Plaintiff received an email response from Ms. Kiernan on April 26, 2017 informing him that they were still going through the hiring process and were willing to add him to the mix.

14. On May 3, 2017 Plaintiff met Ms. Kiernan in person at the Lookingglass Theater while attending a play inspired by a Defendant exposé about minority exploitation in the temp services industry.

15. After a post-discussion of the play, Plaintiff introduced himself to Ms. Kiernan as the reporter who forwarded the Letter of Introduction and work sample to her.

16. Plaintiff indicates that her handshake was cold and her body language was aloof. He perceived her to recoil after shaking his hand.

17. Ms. Kiernan indicated that she had not yet gone over all of the employment submissions and she was very busy as the only person hired by the New York office to oversee the Chicago operations.

18. Plaintiff observed her struggling to put on her coat while she also held something in her hand and he offered to help. She answered "no" and turned to walk away from the Plaintiff.

19. A friend, Kai El Zabar, Editor-in-Chief of Chicago News Weekly, who also subsequently provided a reference for the Plaintiff to Defendant, asked Plaintiff how the introduction went, to which Plaintiff responded "not well".

20. Ms. Zabar said she agreed it didn't go well based on her observations from across the room.

21. On May 19, 2017 Defendants again posted a solicitation for reporters. (See Exhibit D attached.)

22. There was no reference to education or years of experience as a reporter and had the same language as the prior February 21, 2017 reporter posting. Only four characteristics for a qualified candidate were listed with the focus on qualities such as aggressive reporting, ability to tell important, powerfully told stories, excitement about journalism and enjoyment of work with others.

23. Plaintiff believed he could easily demonstrate that he met these four stated prerequisites.

24. On June 3, 2017 Plaintiff formally submitted his application materials, including his resume, writing samples and other requested information.

25. He received a confirmation of Defendant's receipt indicating that Defendants would "be in touch soon". (See Exhibit E.)

26. Defendants made no further contact with Plaintiff beyond the acknowledgement of receipt of his employment application.

27. On July 7, 2017 Ms. Kiernan posted a picture of newly hired reporters on her Twitter account. (See Exhibit F attached.)

28. There are no African-American reporters in the photo as one would expect in a city the size of Chicago and in a newsroom allegedly dedicated to addressing a variety of diversity issues.

29. Defendants have an African-American Fellow, who serves for one year, but was neither pictured nor mentioned by name in the Twitter photo.

30. The photo generally reflects a young, female, white or light-complexioned group of employees being the opposite in all respects to Plaintiff's characteristics and inconsistent with the diversity goals that Defendants claim to espouse.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION

## OF TITLE VII AND SECTION 1981

31. Plaintiff adopts by reference and incorporates paragraphs 9 through 30 as if fully set forth herein.

32. That as an employer within the meaning of Title VII and Section 1981, the Defendants owed at all times a duty to Plaintiff not to discriminate against him with respect to equal access to employment or other conditions or privileges of employment due to his race.

33. Plaintiff is an older African-American male and is a member of protected classes entitled to that protection afforded by Title VII and Section 1981.

34. That the race of the Plaintiff was not a term, requirement or condition of employment with Defendants, and Plaintiff's race was not anticipated in any way to adversely affect his expected job performance.

## COUNT II
## COLOR DISCRIMINATION IN VIOLATION
## OF TITLE VII AND SECTION 1981

35. Plaintiff adopts by reference and incorporates paragraphs 9 through 30 as if fully set forth herein.

36. That as an employer within the meaning of Title VII and Section 1981, the Defendants owed at all times a duty to Plaintiff not to discriminate against him with respect to equal access to employment or other conditions or privileges of employment due to his skin color.

37. Plaintiff is a dark-skinned African-American male and is a member of protected classes entitled to that protection afforded by Title VII and Section 1981.

38. That the skin color of the Plaintiff was not a term, requirement or condition of employment with Defendants, and Plaintiff's skin color was not anticipated in any way to adversely affect his expected job performance.

## COUNT III

## AGE DISCRIMINATION IN VIOLATION OF ADEA

39. Plaintiff adopts by reference and incorporates paragraphs 9through 30 as if fully set forth herein.

40. That as an employer within the meaning of ADEA, the Defendants owed at all times a duty to Plaintiff not to discriminate against him with respect to an offer of employment or

other conditions or privileges of employment due to his age in the absence of a bona fide occupational qualification.

41. Plaintiff is a 52-year-old African-American man and is a member of a protected class entitled to that protection afforded by the ADEA.

42. That the age of the Plaintiff was not a term, requirement or condition of employment with Defendants, and Plaintiff's age did not in any way affect his ability to meet expected job performance.

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL PAIN AND SUFFERING

43. Plaintiff adopts by reference and incorporates paragraphs 9 through 30 as if fully set forth herein.

44. That the actions of the Defendants in discriminating against Plaintiff in their hiring process on the basis of his race, color and age have caused substantial emotional pain and suffering to the Plaintiff.

## PRAYER FOR RELIEF

45. 42 U.S.C. Section 1981 provides, in relevant part, that "all persons ….. shall have the same right….. to make and enforce contracts….. as is enjoyed by white citizens…" The Defendants here, acting within the scope of their positions, have intentionally used their managerial positions in this private institution to act in an illegally discriminatory manner

resulting in the violation of the federal, constitutional and statutorily protected rights of the Plaintiff. This can only happen in the presence of a culture and leadership that supports or even endorses this behavior, despite its stated policies and values to the contrary.

46. Plaintiff believes, and based thereon alleges, that the conduct of Defendants described above was done with intent; with a conscious disregard of his rights; and with the intent, design and purpose of injuring him. As such Plaintiff believes that Defendants authorized, condoned and/or ratified the conduct complained of by him. By reason thereof, the Plaintiff is entitled to damages from Defendants in a sum according to proof at trial.

47. As a direct and proximate result of Defendants' willful, knowing and intentional conduct, the Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress.

48. As further direct and proximate result of the Defendants' violations as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to enforce federal laws prohibiting such conduct, and hence forced to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. As a result, the Plaintiff requests that attorney's fees be awarded pursuant to the above stated statutes.

WHEREFOR, Plaintiff prays that this Court:

a. Declares that the treatment of Plaintiff by Defendants violated Title VII;

b. Declares that the treatment of Plaintiff by Defendants violated Section 1981;

c. Declares that the treatment of Plaintiff by Defendants violated ADEA;

d. Award Plaintiff damages against the Defendants.;

e. Award reasonable attorney's fees and costs; and

f. Order any other relief that the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all counts and claims raised by this Complaint.

Dated: February 1, 2019              Respectfully submitted,

                                     /s/ Jill M. Willis
                                     Attorney for Plaintiff

Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com

# EXHIBITS

## **CERTIFICATE OF SERVICE**

The undersigned, Jill M. Willis, certifies that on February 1, 2019, she caused to be served a copy of the foregoing **Plaintiff's Complaint**, in the above-captioned matter, to be filed with the Clerk of the United States District Court for the Northern District of Illinois and served on the parties of record on February 1, 2019 in the above-captioned matter, via email and overnight delivery addressed to:

>ProPublica Illinois
>1 North State Street  - Suite 1500
>Chicago, Illinois 60602
>Attn.: Ms. Amelia Byers
>Chief Operating Officer

>Counsel for ProPublica:

>Kenneth A. Margolis, Esq.
>Kauff, McGuire & Margolis LLP
>950 Third Avenue - Fourteenth Floor
>New York, N.Y. 10022
>Margolis@kmm.com

/s/ Jill M. Willis

Attorney for Plaintiff

Jill M. Willis, Esq.
ARDC #6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653 (847) 826-5284
jillwillis.law@gmail.com