**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KENNETH E. HARE,               )
                                       )
        Plaintiff,          )
                                       )    Case No.: 1:19-cv-00692
vs.                              )
                                       )    Judge John J. Tharp, Jr.
PROPUBLICA ILLINOIS, and    )
PROPUBLICA,               )    Magistrate Judge
                                       )    Sidney I. Schenkier
        Defendants.      )

<u>**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Defendant, Pro Publica, Inc. (incorrectly sued as "ProPublica Illinois and ProPublica," and hereinafter, "ProPublica"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, submits the following as its Amended Answer to Plaintiff's Complaint, to wit:

## I.    NATURE OF THE CLAIM

1.    Plaintiff, KENNETH E. HARE, seeks damages based upon Defendants' deprivation of rights accorded to the Plaintiff under the laws of the United States and the State of Illinois resulting from acts and/or omissions of the named Defendants that constitute the following causes of actions: (a) racial discrimination (black); (b) color discrimination (dark-skinned); (c) age discrimination (over 40) and (d) negligent infliction of emotional pain and suffering in violation of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S. C. § 1981 ("Section 1981") in violation of the Fourteenth Amendment Equal Protection Clause of the U.S. Constitution; discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634 ("ADEA").

> <u>**ANSWER:**</u>    **Paragraph 1 is Plaintiff's statement of his case, to which no response is necessary. In the event an answer is deemed required, ProPublica denies all statements of fact contained in Paragraph 1.**

2.    Plaintiff filed Charge #440-2018-01377 with the Chicago office of the EEOC on February 6, 2018 (See Exhibit A, attached hereto) and received his Right to Sue on November 5, 2018. (See Exhibit B, attached hereto.) The filing deadline is February 3, 2019. This action is timely filed.

**ANSWER:**  **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

## II. JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. §1331 and. §1343.

**ANSWER:**  **Paragraph 3 states only a legal conclusion, to which no response is required.**

4. Venue is proper in that the employment practices alleged to be unlawful were committed within the Northern District of Illinois.

**ANSWER:**  **Paragraph 4 states only a legal conclusion, to which no response is required.**

5. This is an action for damages in excess of $15,000 exclusive of interest and costs.

**ANSWER:**  **ProPublica denies that Plaintiff is entitled to any amount, whatsoever.**

## III. PARTIES

6. Plaintiff, KENNETH E. HARE, is an African-American male over the age of eighteen (18), a citizen of the State of Illinois, residing in Chicago at the time of the filing of this Complaint and during the time the acts complained of herein occurred.

**ANSWER:**  **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

7. Defendant, PROPUBLICA ILLINOIS, is an independent, nonprofit newsroom that describes its organization on its website as "producing investigative journalism with moral force". It is the first regional publishing operation of PROPUBLICA and is headquartered in Chicago, Illinois.

2

> **ANSWER:** **ProPublica admits only that it is an independent newsroom headquartered in New York, NY, and that it operates an office in Chicago, IL, referred to as "ProPublica Illinois."**

8.    Defendant, PROPUBLICA, is a nonprofit news organization founded in 2007-2008 in New York City, New York and the parent corporation of ProPublica Illinois.

**ANSWER:** **ProPublica admits that it was founded in 2007 as an independent newsroom headquartered in New York, NY, and that it began publishing in 2008. In further answering, ProPublica currently operates an office in Chicago, IL, referred to as "ProPublica Illinois." ProPublica Illinois is not a legal entity.**

### IV.    FACTUAL ALLEGATIONS OF DISCRIMINATION BY PLAINTIFF KENNETH E. HARE

9.    On April 24, 2017 Plaintiff HARE, a 52-year-old, dark-complexioned, African-American man and former reporter for two local Chicago area newspapers, met Mr. Michael Grabell, a Defendant reporter, at the Lookingglass Theater in Chicago.

> **ANSWER:** **ProPublica, upon current knowledge and belief, admits only that Plaintiff met Michael Grabell at the Lookingglass Theatre, in Chicago, IL, on Sunday, April 23, 2017.**
>
> **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in in paragraph 9, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

10.    Plaintiff knew he had just missed a March 24, 2017 application deadline for a Defendant reporter position and inquired of Mr. Grabell if there was still a hiring possibility. (See Exhibit D.)

> **ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

11.    Mr. Grabell encouraged Plaintiff to apply and accepted information from Plaintiff to forward to Louise Kiernan, Defendant's Illinois Editor-in-Chief.

>  **ANSWER:** **ProPublica, upon current knowledge and belief, admits only that Plaintiff provided information to Michael Grabell, and that Grabell forwarded that information to Louise Kiernan, ProPublica Illinois' Editor-in-Chief.**
>
>  **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 11, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

12.     On April 25, 2017 Plaintiff also forwarded a work sample and Letter of Introduction to Ms. Kiernan himself expecting it complied with the published reporter position requirements. (See Exhibit C.)

>  **ANSWER:** **ProPublica admits only that Plaintiff forwarded correspondence to Louise Kiernan on April 25, 2017.**
>
>  **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

13.     Plaintiff received an email response from Ms. Kiernan on April 26, 2017 informing him that they were still going through the hiring process and were willing to add him to the mix.

>  **ANSWER:** **ProPublica admits the allegations contained in paragraph 13.**

14.     On May 3, 2017 Plaintiff met Ms. Kiernan in person at the Lookingglass Theater while attending a play inspired by a Defendant exposé about minority exploitation in the temp services industry.

>  **ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

15.     After a post-discussion of the play, Plaintiff introduced himself to Ms. Kiernan as the reporter who forwarded the Letter of Introduction and work sample to her.

>  **ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15, and**

**therefore, neither admits nor denies the same, but demands strict proof thereof.**

16. Plaintiff indicates that her handshake was cold and her body language was aloof. He perceived her to recoil after shaking his hand.

>**ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

17. Ms. Kiernan indicated that she had not yet gone over all of the employment submissions and she was very busy as the only person hired by the New York office to oversee the Chicago operations.

>**ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

18. Plaintiff observed her struggling to put on her coat while she also held something in her hand and he offered to help. She answered "no" and turned to walk away from the Plaintiff.

>**ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

19. A friend, Kai El Zabar, Editor-in-Chief of Chicago News Weekly, who also subsequently provided a reference for the Plaintiff to Defendant, asked Plaintiff how the introduction went, to which Plaintiff responded "not well".

>**ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

20. Ms. Zabar said she agreed it didn't go well based on her observations from across the room.

> **ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

21.     On May 19, 2017 Defendants again posted a solicitation for reporters. (See Exhibit D attached.)

> **ANSWER:** **ProPublica admits that, on May 19, 2017, it posted an advertisement for open investigative reporter positions. In further answering, ProPublica states that this May 19, 2017 advertisement was not for investigative reporter positions with ProPublica Illinois.**

22.     There was no reference to education or years of experience as a reporter and had the same language as the prior February 21, 2017 reporter posting. Only four characteristics for a qualified candidate were listed with the focus on qualities such as aggressive reporting, ability to tell important, powerfully told stories, excitement about journalism and enjoyment of work with others.

> **ANSWER:** **ProPublica denies that the May 19, 2017 advertisement "had the same language" as the February 21, 2017 advertisement, and further, denies that the May 19, 2017 advertisement lists "only four characteristics for a qualified candidate."**
>
> **In further answering, and as noted above, the May 19, 2017 advertisement was not for investigative reporter positions with ProPublica Illinois.**

23.     Plaintiff believed he could easily demonstrate that he met these four stated prerequisites.

> **ANSWER:** **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

24.     On June 3, 2017 Plaintiff formally submitted his application materials, including his resume, writing samples and other requested information.

> **ANSWER:** **ProPublica admits only that, on June 4, 2017, Plaintiff submitted application materials via the Screendoor computer program, in**

**response to the May 19, 2017 advertisement, which was not for investigative reporter positions with ProPublica Illinois.**

**In further answering, the materials submitted by Plaintiff via the Screendoor computer program on June 4, 2017 included a resume. The resume confirmed that Plaintiff had approximately two (2) years of journalism experience, and no formal journalism education.**

25. He received a confirmation of Defendant's receipt indicating that Defendants would "be in touch soon". (See Exhibit E.)

**ANSWER:** **ProPublica denies the allegations contained in paragraph 25, to the extent that they are meant to imply that ProPublica personnel guaranteed further correspondence with Plaintiff.**

**In further answering, ProPublica states that Plaintiff received an automated message, generated by the Screendoor computer program utilized by ProPublica to assist in the management of applicant materials.**

26. Defendants made no further contact with Plaintiff beyond the acknowledgement of receipt of his employment application.

**ANSWER:** **ProPublica denies the allegations contained in paragraph 26, to the extent that the automated message generated by the Screendoor computer program is considered contact between ProPublica personnel and Plaintiff.**

**In further answering, ProPublica admits that no ProPublica personnel had contact with Plaintiff following his email correspondence with Louise Kiernan on April 26, 2017.**

27. On July 7, 2017 Ms. Kiernan posted a picture of newly hired reporters on her Twitter account. (See Exhibit F attached.)

**ANSWER:** **ProPublica admits the allegations contained in paragraph 27.**

28. There are no African-American reporters in the photo as one would expect in a city the size of Chicago and in a newsroom allegedly dedicated to addressing a variety of diversity issues.

> **ANSWER:** ProPublica states that the photograph speaks for itself and, in further answering, states that its genuine dedication to workplace diversity is exemplified by the composition of its staff, and the content generated by its reporters.

29. Defendants have an African-American Fellow, who serves for one year, but was neither pictured nor mentioned by name in the Twitter photo.

> **ANSWER:** ProPublica states that, from 2017 to 2018, it employed an African-American reporting fellow at ProPublica Illinois. The photograph referenced in paragraphs 28 and 29 was taken before the beginning of the fellow's employment.
>
> In further answering, ProPublica currently employs an African-American reporting fellow based at ProPublica Illinois.

30. The photo generally reflects a young, female, white or light-complexioned group of employees being the opposite in all respects to Plaintiff's characteristics and inconsistent with the diversity goals that Defendants claim to espouse.

> **ANSWER:** ProPublica denies the allegations contained in paragraph 30.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION
## OF TITLE VII AND SECTION 1981

31. Plaintiff adopts by reference and incorporates paragraphs 9 through 30 as if fully set forth herein.

> **ANSWER:** ProPublica incorporates by reference and re-states its answers to paragraphs 9 through 30 as and for its answer to paragraph 31, as though fully set forth herein.

32. That as an employer within the meaning of Title VII and Section 1981, the Defendants owed at all times a duty to Plaintiff not to discriminate against him with respect to equal access to employment or other conditions or privileges of employment due to his race.

> **ANSWER:** ProPublica admits all duties properly imposed by law, but denies any breach thereof, and further, denies that paragraph 32 accurately states said duties.

8

33.      Plaintiff is an older African-American male and is a member of protected classes entitled to that protection afforded by Title VII and Section 1981.

**ANSWER:**    **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

34.      That the race of the Plaintiff was not a term, requirement or condition or employment with Defendants, and Plaintiff's race was not anticipated in any way to adversely affect his expected job performance.

**ANSWER:**    **ProPublica admits the allegations contained in paragraph 34.**

## COUNT II
## COLOR DISCRIMINATION IN VIOLATION
## OF TITLE VII AND SECTION 1981

35.    Plaintiff adopts by reference and incorporates paragraphs 9 through 30 as if fully set forth herein.

**ANSWER:**    **ProPublica incorporates by reference and re-states its answers to paragraphs 9 through 30 as and for its answer to paragraph 35, as though fully set forth herein.**

36.    That as an employer within the meaning of Title VII and Section 1981, the Defendants owed at all times a duty to Plaintiff not to discriminate against him with respect to equal access to employment or other conditions or privileges of employment due to his skin color.

**ANSWER:**    **ProPublica admits all duties properly imposed by law, but denies any breach thereof, and further, denies that paragraph 36 accurately states said duties.**

37.    Plaintiff is a dark-skinned African-American male and is a member of protected classes entitled to that protection afforded by Title VII and Section 1981.

**ANSWER:**    **ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

38.     That the skin color of the Plaintiff was not a term, requirement or condition of employment with Defendants, and Plaintiff's skin color was not anticipated in any way to adversely affect his expected job performance.

> **ANSWER:     ProPublica admits the allegations contained in paragraph 38.**

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF ADEA

39.     Plaintiff adopts by reference and incorporates paragraphs 9 through 30 as if fully set forth herein.

> **ANSWER:     ProPublica incorporates by reference and re-states its answers to paragraphs 9 through 30 as and for its answer to paragraph 39, as though fully set forth herein.**

40.     That as an employer within the meaning of ADEA, the Defendants owed at all times a duty to Plaintiff not to discriminate against him with respect to an offer of employment or other conditions or privileges of employment due to his age in the absence of a bona fide occupational qualification.

> **ANSWER:     ProPublica admits all duties properly imposed by law, but denies any breach thereof, and further, denies that paragraph 40 accurately states said duties.**

41.     Plaintiff is a 52-year-old African-American man and is a member of a protected class entitled to that protection afforded by the ADEA.

> **ANSWER:     ProPublica lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41, and therefore, neither admits nor denies the same, but demands strict proof thereof.**

42.     That the age of the Plaintiff was not a term, requirement or condition of employment with Defendants, and Plaintiff's age did not in any way affect his ability to meet expected job performance.

> **ANSWER:     ProPublica admits the allegations contained in paragraph 42.**

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL PAIN AND SUFFERING

43.     Plaintiff adopts by reference and incorporates paragraphs 9 through 30 as if fully set forth herein.

> **ANSWER:    ProPublica incorporates by reference and re-states its answers to paragraphs 9 through 30 as and for its answer to paragraph 43, as though fully set forth herein.**

44.     That the actions of the Defendants in discriminating against Plaintiff in their hiring process on the basis of his race, color and age have caused substantial emotional pain and suffering to the Plaintiff.

> **ANSWER:    ProPublica denies the allegations contained in paragraph 44.**

## PRAYER FOR RELIEF

45.     42 U.S.C. Section 1981 provides, in relevant part, that "all persons ..... shall have the same right..... to make and enforce contracts..... as is enjoyed by white citizens..." The Defendants here, acting within the scope of their positions, have intentionally used their managerial positions in this private institution to act in an illegally discriminatory manner resulting in the violation of the federal, constitutional and statutorily protected rights of the Plaintiff. This can only happen in the presence of a culture and leadership that supports or even endorses this behavior, despite its stated policies and values to the contrary.

> **ANSWER:    ProPublica denies the allegations contained in paragraph 45.**

46.     Plaintiff believes, and based thereon alleges that the conduct of Defendants described above was done with intent; with a conscious disregard of his rights; and with the intent, design and purpose of injuring him. As such Plaintiff believes that Defendants authorized, condoned and/or ratified the conduct complained of by him. By reason thereof, the Plaintiff is entitled to damages from Defendants in a sum according to proof at trial.

> **ANSWER:    ProPublica denies the allegations contained in paragraph 46.**

47.     As a direct and proximate result of Defendants' willful, knowing and intentional conduct, the Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress.

> **ANSWER:    ProPublica denies the allegations contained in paragraph 47.**

48.     As further direct and proximate result of the Defendants' violations as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to enforce federal laws prohibiting such conduct, and hence forced to incur legal fees and costs, the full nature and extent of -which are presently unknown to Plaintiff. As a result, the Plaintiff requests that attorney's fees be awarded pursuant to the above stated statutes.

**ANSWER:     ProPublica denies the allegations contained in paragraph 48.**

WHEREFORE, Defendant, Pro Publica, Inc. (incorrectly sued as "ProPublica Illinois and ProPublica"), denies that Plaintiff is entitled to judgment in any amount, whatsoever, and prays that this Court Dismiss Plaintiff's Complaint at Law, with prejudice, and costs assessed against the Plaintiff.

## DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES

Defendant, Pro Publica, Inc. (incorrectly sued as "ProPublica Illinois and ProPublica", and hereinafter, "ProPublica"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, submits the following Amended Affirmative Defenses, to wit:

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff has filed a Complaint at Law alleging that ProPublica's decision not to hire him as an investigative reporter constituted unlawful racial, skin color, and age discrimination, in violation of his civil rights and various federal statutes. The alleged violation of Plaintiff's civil rights, and various federal statues, are the bases for Counts I through III of the Complaint.

2.     Plaintiff also alleges that ProPublica's decision not to hire him as an investigative reporter is the basis for a separate claim for "negligent infliction of emotional pain and suffering," plead as Count IV.

3.     By and through the above Answer, ProPublica has denied the material allegations

of the Complaint at Law.

4.      Founded in 2007, ProPublica is an independent, non-profit newsroom, headquartered in New York, NY, specializing in investigative journalism.

5.      Since its inception, ProPublica and members of its staff have received several honors, including five Pulitzer Prizes, five Peabody Awards, two Emmy Awards, seven George Polk Awards, and four Online Journalism Awards for General Excellence.

6.      In 2017, ProPublica established a regional office in Chicago, Illinois, referred to as ProPublica Illinois.

7.      On February 21, 2017, ProPublica posted an advertisement for open investigative reporter positions at ProPublica Illinois.

8.      The February 21, 2017 advertisement noted an application deadline of March 24, 2017.

9.      The advertisement attracted over two hundred (200) applicants.

10.     On April 25, 2017, in response to the February 21, 2017 advertisement, Plaintiff submitted a type-written letter and writing samples to ProPublica personnel, via personal email. He did not provide a resume at this time.

11.     On May 10, 2017, an unsolicited letter of reference was provided to ProPublica personnel, via personal email, on Plaintiff's behalf.

12.     The letter of reference stated, among other things, that Plaintiff is "not a master writer."

13.     Subsequently, on May 19, 2017, ProPublica posted an advertisement for investigative reporter positions, separate from the February 21, 2017 advertisement. This advertisement was not for investigative reporter positions with ProPublica Illinois.

13

14.     The May 19, 2017 advertisement noted an application deadline of June 4, 2017.

15.     On June 4, 2017, in response to the May 19, 2017 advertisement, Plaintiff submitted documents to ProPublica via Screendoor, a computer program utilized by ProPublica to manage applicant materials.

16.     The applicant materials submitted to ProPublica via Screendoor on June 4, 2017 included a resume.

17.     Plaintiff's resume confirmed that, at the time of his application, he had approximately two (2) years of journalism experience, and no formal journalism education.

18.     After considering approximately two hundred thirty-six (236) applicants, ProPublica hired five (5) investigative reporters to join ProPublica Illinois.

19.     The five (5) investigative reporters hired by ProPublica to join ProPublica Illinois had an average of fifteen (15) years of journalism experience, ranging from seven (7) to twenty-two (22) years.

20.     Each of the five (5) investigative reporters hired by ProPublica to join ProPublica Illinois had undergone formal journalism education.

21.     Plaintiff, respectfully, did not possess the qualifications that many other applicants – including those eventually hired by ProPublica – possessed.

22.     ProPublica's decision not to hire Plaintiff as an investigative reporter was based solely upon the extent of his journalism experience; the nature of his formal education; the quality of his writing samples; and the contents of his letter of recommendation; in comparison to other applicants.

23.     A desire to hire the more experienced or better-qualified applicant is a non-discriminatory, legitimate, and common reason on which to base a hiring decision. *See, e.g.,*

*Gorence v. Eagle Food Ctrs., Inc.,* 242 F.3d 759, 766 (7th Cir. 2001); *Mills v. Health Care Serv. Corp.,* 171 F.3d 450, 458-59 (7th Cir. 1999).

24. As ProPublica's decision not to hire Plaintiff as an investigative reporter was a legitimate business decision, with no discriminatory motive, ProPublica is entitled to judgment in its favor.

WHEREFORE, Defendant, Pro Publica, Inc. (incorrectly sued as "ProPublica Illinois and ProPublica"), denies that Plaintiff is entitled to judgment in any amount, whatsoever, and prays that this Court Dismiss Plaintiff's Complaint at Law, with prejudice, and costs assessed against the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

1-3. ProPublica re-alleges paragraphs 1 through 3 of its First Affirmative Defense as paragraphs 1 through 3 of its Second Affirmative Defense, as though fully set forth herein.

4. Count IV asserts a state law claim, yet references the same alleged conduct that forms the bases for Counts I through III.

5. As such, Count IV is "inextricably linked" to the alleged civil rights violations, and is preempted by the Illinois Human Rights Act, codified at 775 ILCS 5/2-102 ("IHRA"). *See Tucker v. Cassiday, Schade & Gloor,* 2000 U.S. Dist. LEXIS 9864, *15 (N.D. Ill. 2000).

6. Plaintiff has not complied with IHRA procedures that could theoretically permit this Court's exercise of subject matter jurisdiction over Count IV. *See Golden v. World Security Bureau, Inc.,* 884 F. Supp. 2d 675, 696 (N.D. Ill. 2012).

WHEREFORE, Defendant, Pro Publica, Inc. (incorrectly sued as "ProPublica Illinois and ProPublica"), denies that Plaintiff is entitled to judgment in any amount, whatsoever, and prays

that this Court Dismiss Plaintiff's Complaint at Law, with prejudice, and costs assessed against the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

1-3.    ProPublica re-alleges paragraphs 1 through 3 of its First Affirmative Defense as paragraphs 1 through 3 of its Third Affirmative Defense, as though fully set forth herein.

4.    Count IV asserts a state-law claim, commonly titled "negligent infliction of emotional distress," which requires Plaintiff to prove that ProPublica owed the requisite duty of care to the Plaintiff.

5.    ProPublica did not have a relationship with the Plaintiff such that the requisite duty may be imposed upon ProPublica.

WHEREFORE, Defendant, Pro Publica, Inc. (incorrectly sued as "ProPublica Illinois and ProPublica"), denies that Plaintiff is entitled to judgment in any amount, whatsoever, and prays that this Court Dismiss Plaintiff's Complaint at Law, with prejudice, and costs assessed against the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

1-3.    ProPublica re-alleges paragraphs 1 through 3 of its First Affirmative Defense as paragraphs 1 through 3 of its Fourth Affirmative Defense, as though fully set forth herein.

4.    Count IV asserts a state-law claim, commonly titled "negligent infliction of emotional distress," which requires Plaintiff to satisfy the "impact rule" applicable to such claims in Illinois.

5.    Plaintiff has not suffered the contemporaneous physical injury required to satisfy

the impact rule.

WHEREFORE, Defendant, Pro Publica, Inc. (incorrectly sued as "ProPublica Illinois and ProPublica"), denies that Plaintiff is entitled to judgment in any amount, whatsoever, and prays that this Court Dismiss Plaintiff's Complaint at Law, with prejudice, and costs assessed against the Plaintiff.


## FIFTH AFFIRMATIVE DEFENSE

1.      Plaintiff's alleged injuries, losses, or damages, if sufficiently proven, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them.  *See, e.g. Thomas v. Exxon Mobil Corp.*, No. 07-C-7131, 2009 U.S. Dist. LEXIS 11109, *11 (N.D. Ill. February 11, 2009) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.").

WHEREFORE, Defendant, Pro Publica, Inc. (incorrectly sued as "ProPublica Illinois and ProPublica"), denies that Plaintiff is entitled to judgment in any amount, whatsoever, and prays that this Court Dismiss Plaintiff's Complaint at Law, with prejudice, and costs assessed against the Plaintiff.


## JURY DEMAND

Defendant, Pro Publica, Inc., demands trial by jury on all triable issues.

Dated: April 30, 2019          Respectfully submitted,

                                      **GORDON REES SCULLY MANSUKHANI, LLP**

                                  By:     /s/ Jonathan B. Blakley
                                            *One of the Attorneys for Defendant*
                                          *Pro Publica, Inc.*

Jonathan B. Blakley (#6308603)
**GORDON REES SCULLY MANSUKHANI, LLP**
One North Franklin
Suite 800
Chicago, Illinois 60606
(312) 619-4915
jblakley@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be served on all parties of record by operation of the Court's CM/ECF electronic filing system.

*Attorney(s) for Plaintiff*
Jill M. Willis
jillwillis.law@gmail.com
LAW OFFICE OF JILL M. WILLIS
3628 S. King Drive
Chicago, Illinois 60653

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By:     /s/ Jonathan B. Blakley
        *One of the Attorneys for Defendant*
        *Pro Publica, Inc.*

Jonathan B. Blakley (#6308603)
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin
Suite 800
Chicago, Illinois 60606
(312) 619-4915
jblakley@grsm.com